UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CLAYTON WALKER,<br><br>          Plaintiff,<br><br>     vs.<br><br>SARA RABERN,<br><br>          Defendant. | CIV. 14-5095-JLV<br><br>ORDER |

**INTRODUCTION**

On March 2, 2015, this court dismissed Mr. Walker's complaint against Sara Rabern without prejudice. (Docket 6). Mr. Walker, appearing *pro se*, alleged claims arising under 42 U.S.C. §§ 1983 and 1988. (Docket 1). Mr. Walker characterizes his claims against Ms. Rabern as "libel statements & slander [and] defamation of character[.]." Id. at 3. Mr. Walker alleges that "Sara Rabern gave false information about me. [A] statement about surrendered [sic] myself." Id. Mr. Walker asserts "Sara had made Libel defamatory statements[,] she Attacked my professional character of an [sic] 'per se' defamation." Id. at 4.

The court determined "Mr. Walker failed to articulate specific factual allegations in support of his libel and slander claims against Ms. Rabern which would vest this court with federal question jurisdiction." (Docket 6 at p. 4). The court dismissed the complaint without prejudice and denied Mr. Walker's motion to proceed *in forma pauperis* as moot. Id. at 5. Subsequently, Mr.

Walker filed a motion to amend his complaint or, in the alternative, an adjudication with an impartial judge "to reach a reasonable settlement of the controversy." (Docket 7). Mr. Walker also moved the court to reconsider its prior ruling. Id.

## DISCUSSION[1]

The court is mindful of Mr. Walker's *pro se* status. "[P]ro se complaints are to be construed liberally . . . ." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (referencing Estelle v. Gamble, 429 U.S. 97, 106 (1976). "[P]ro se litigants must set forth [a claim] in a manner which, taking the pleaded facts as true, states a claim as a matter of law." Stringer v. St. James R–1 Sch. Dist., 446 F.3d 799, 802 (8th Cir. 2006). "A *pro se* [complaint] should be 'interpreted liberally and . . . should be construed to encompass any allegation stating federal relief.'" Bracken v. Dormire, 247 F.3d 699, 704 (8th Cir. 2001) (citing White v. Wyrick, 530 F.2d 818, 819 (8th Cir. 1976)). "Although *pro se* complaints are to be liberally construed, the complaint must allege specific facts sufficient to state a claim." Thrash v. McDaniel, No. 4:13-CV-00732-KGB, 2014 WL 2462888, at *1 (E.D. Ark. June 2, 2014), aff'd, 578 F. App'x 619 (8th Cir. 2014) (citing Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985)).

The court is also aware that "[t]he threshold inquiry in every federal case is whether the court has jurisdiction and we have admonished district judges to be

---

[1]The court's analysis in this case largely mirrors the analysis set forth in another one of Mr. Walker's cases before the court. See Walker v. Siebrasse, 14-5090-JLV, Docket ___.

attentive to a satisfaction of jurisdictional requirements in all cases." Rock Island Millwork Co. v. Hedges–Gough Lumber Co., 337 F.2d 24, 26-27 (8th Cir. 1964). "Lack of jurisdiction of the subject matter of litigation cannot be waived by the parties or ignored by the court." Id. at p. 27. "A federal court has jurisdiction to consider its own subject matter jurisdiction." Robins v. Ritchie, 631 F.3d 919, 930 (8th Cir. 2011).

"A federal court therefore has a duty to assure itself that the threshold requirement of subject matter jurisdiction has been met in every case." Mummelthie v. City of Mason City, Ia., 873 F. Supp. 1293, 1304 (N.D. Iowa 1995), *aff'd sub nom.* Mummelthie v. City of Mason City, Iowa, 78 F.3d 589 (8th Cir. 1996) (citing Bradley v. Am. Postal Workers Union, AFL–CIO, 962 F.2d 800, 802 n.3 (8th Cir. 1992)). "Federal courts have a duty to examine the substantiality of the federal claim throughout the litigation, and must dismiss all claims if the federal claim proves patently meritless even after the trial begins." Id. at 1305 (citing Pioneer Hi–Bred Int'l v. Holden Found. Seeds, Inc., 35 F.3d 1226, 1242 (8th Cir. 1994); Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987)).

A district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Civil Rights Act provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the

>  deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of *state* law and made possible only because the wrongdoer is clothed with the authority of state law.' " Parker v. Boyer, 93 F.3d 445, 447-48 (8th Cir. 1996) (emphasis added) (quoting West v. Atkins, 487 U.S. 42, 49 (1988) (further citations omitted).   "Section 1983 does not confer subject matter jurisdiction.  The statute simply provides a means through which a claimant may seek a remedy in federal court for a constitutional tort when one is aggrieved by the act of a person acting under color of state law."   Jones v. United States, 16 F.3d 979, 981 (8th Cir. 1994).

Nowhere in Mr. Walker's complaint did he allege Ms. Rabern was acting under color of state law.   There was also no reference to any other statute conferring jurisdiction for the § 1983 claim.   The court did not infer from the complaint that Ms. Rabern was acting under color of state law and determined § 1983 did not provide jurisdiction for Mr. Walker's claims.   See Lee v. Cleve Her Many Horses, No. CIV. 13-5019-JLV, 2014 WL 1331007, at *9 (D.S.D. Mar. 30, 2014), aff'd, 586 F. App'x 256 (8th Cir. 2014).

> Mr. Walker moved the court to amend his complaint on the basis that he:
>
> [A]lleged a claim for relief arising under federal law Because the defendant is an a [sic] employee that works for the state, this conduct under color of state law, thus I'm seeking Damages. This Court has Jurisdiction pursuant to 28 U.S.C.A. 1331 and 42 U.S.C.A. 1343 [sic] since these claims arise under the constitution and laws of the United states and Sence [sic] Defendant acted under color of the state law.
> . . .
>
> In the Supporting material argued in this motion, I respectfully ask this court to Grant a motion for RECONSIDERATION or a [sic] Adjudication with a Judge.

(Docket 7). Because Mr. Walker is a *pro se* litigant, the court considers him to move for both a reconsideration of his original complaint and to amend his complaint.

**1. Motion for Reconsideration**

The court accepts as true Mr. Walker's allegation that Ms. Rabern acted under the color of state law. (Docket 7). The court concludes that Mr. Walker's complaint and joint motion for reconsideration and to amend the complaint to allege sufficient facts to vest this court with subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 to adjudicate the merits of his § 1983 claims.[2]

---

[2]Plaintiff's complaint was bereft of any specific allegations which would support a federal cause of action. The court by necessity examined whether it was vested with subject matter jurisdiction prior to screening the complaint under 28 U.S.C. § 1915(e)(2). See Jones, 16 F.3d at 981 ("Section 1983 does not confer subject matter jurisdiction. The statute simply provides a means through which a claimant may seek a remedy in federal court for a constitutional tort when one is aggrieved by the act of a person acting under color of state law.") (citing 42 U.S.C. § 1983).

See, e.g., Parks v. Pomeroy, 387 F.3d 949, 951 (8th Cir. 2004) (determining the district court had original jurisdiction over plaintiff's § 1983 claim based on 28 U.S.C. §§ 1331 and 1343); Iverson v. City of St. Paul, 74 F. App'x 676, 677 (8th Cir. 2003) (determining the district court had subject matter jurisdiction over plaintiff's § 1983 claim under 28 U.S.C. § 1343); see also Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978) (referring to 28 U.S.C. § 1343 as the "jurisdictional counterpart" of § 1983).

In light of Mr. Walker's motion to proceed *in forma pauperis* (Docket 3), the merits of Mr. Walker's claims are analyzed in accord with the screening procedures set forth in 28 U.S.C. § 1915(e)(2). See Gordon v. Draper, 563 F. App'x 514, 514 (8th Cir. 2014) (citing Morrison v. Nat'l Australia Bank, Ltd., 561 U.S. 247, 254 (2010)) (characterizing a district court's pre-service dismissal of a § 1983 claim as "a merits dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, not a dismissal for lack of subject matter jurisdiction."). Section 1915(e)(2) provides:

> Notwithstanding any filing fee . . . the court shall dismiss the case at any time if the court determines that--
> . . .
>
> (B) the action or appeal—
>
>> (i) is frivolous or malicious;
>>
>> (ii) fails to state a claim on which relief may be granted; or
>>
>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

Subsection (e)(2) allows the court *sua sponte* to review a complaint filed with an *in forma pauperis* application. The court is required to screen a *pro se* complaint as soon as practicable and to dismiss those which are frivolous or fail to state a claim for relief. "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) . . . is identical to the legal standard used when ruling on Rule 12(b)(6) motions." Thorpe v. Little, 804 F. Supp. 2d 174, 180 (D. Del. 2011) (citing Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B))). "An action fails to state a claim upon which relief can be granted if it does not plead 'enough facts [accepted as true] to state a claim to relief that is plausible on its face.'" Thrash, 2014 WL 2462888, at *1 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[A]lthough a complaint need not include detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347, 591 F.3d 624,

629-30 (8th Cir. 2010) (quoting Twombly, 550 U.S. at 555 (internal quotations and alteration omitted)).

The court reviews Mr. Walker's claims against Ms. Rabern as alleged in the complaint and the combined motion for reconsideration and to amend the complaint.

"The first inquiry in a § 1983 claim is to determine [w]hether the plaintiff has been deprived of a right secured by the Constitution and laws of the United States." Zakrzewski v. Fox, 87 F.3d 1011, 1013 (8th Cir. 1996) (internal quotation marks and citations omitted). "Damages for defamation are not recoverable under § 1983 because a defamed person has not been deprived of any right, privilege or immunity secured to him by the Federal Constitution or laws of the United States." Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (per curiam) (citing Morey v. Indep. School Dist., 429 F.2d 428 (8th Cir. 1970)) (further citations omitted).

"[L]ibel and slander are not cognizable under 42 U.S.C. § 1983, because a defamation claim does not involve the deprivation of any rights, privileges or immunities which are secured by the Constitution or laws of the United States." Master v. Epps, No. 1:14-cv-129, 2014 WL 6626439, at *2 (D.N.D. Nov. 21, 2014) (quoting Torres v. McStravick, No. H–11–2657, 2011 WL 2960191, at *3 (S.D. Tex. July 21, 2011); see also Goodin v. Hot Springs Police Dep't, No. 13-6050, 2013 WL 5423988, at *3 (W.D. Ark. Sept. 26, 2013) (citing Miner v. Brackney, 719 F.2d 954, 955 (8th Cir. 1983) ("[S]lander is not a cognizable claim under

8

section 1983."); <u>Zierke v. Shelton</u>, No. 4:09CV3104, 2009 WL 2920795, at *2 (D. Neb. Sept. 9, 2009) ("[S]lander and defamation claims are not cognizable under section 1983.").

Even when the court accepts as true Mr. Walker's allegation that Ms. Rabern acted under the color of state law and he was defamed, his slander and libel claims must fail as no constitutional or federally protected right was violated.  See <u>Ellingburg</u>, 518 F.2d at 1197.  Simply stated, slander and libel claims are not cognizable under § 1983.  Having considered Mr. Walker's complaint and combined motion for reconsideration and motion to amend the complaint, the court finds Mr. Walker failed to state a plausible claim upon which relief can be granted and his complaint must be dismissed.  See 28 U.S.C. 1915(e)(2)(B)(ii).  Mr. Walker's motion for reconsideration (Docket 7) is denied and his claims are dismissed with prejudice.

**2.    Motion to Amend the Complaint**

"Denial of a motion for leave to amend on the basis of futility 'means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.' " <u>Zutz v. Nelson</u>, 601 F.3d 842, 850 (8th Cir. 2010) (quoting <u>Cornelia I. Crowell GST Trust v. Possis Med., Inc.</u>, 519 F.3d 778, 782 (8th Cir. 2008).  "[I]n reviewing a denial of leave to amend [courts] ask whether the proposed amended complaint states a cause of action under the <u>Twombly</u>

pleading standard . . . ." Id. 850-51; See Supra (identifying the Twombly pleading standard).

In determining whether Mr. Walker stated a plausible claim upon which relief could be granted, the court considered the effect his proposed amendments (Docket 7) would have on the complaint. The court determined even with the amendments proposed by Mr. Walker, the complaint would still fail to state a plausible claim upon which relief can be granted. See Supra. Mr. Walker's motion to amend the complaint (Docket 7) is denied as futile. See Zutz, 601 F.3d at 850-51; United States ex rel. Lee v. Fairview Health Sys., 413 F.3d 748, 749 (8th Cir. 2005) ("[P]laintiffs do not have an absolute or automatic right to amend. . . . Futility is a valid basis for denying leave to amend."); Wisdom v. First Midwest Bank, of Poplar Bluff, 167 F.3d 402, 409 (8th Cir. 1999) ("[P]arties should not be allowed to amend their complaint without showing how the complaint could be amended to save the meritless claim.") (citations omitted).

The court examined the merits of Mr. Walker's complaint and the allegations contained in the joint motion for reconsideration and motion to amend the complaint and determined Mr. Walker failed to state a plausible claim upon which relief could be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). The court considered the potential effect of Mr. Walker's motion to amend his complaint and denied the motion as futile. Having reviewed and considered all of Mr. Walker's filings, the court can discern no basis for a § 1983 claim against Ms. Rabern. Mr. Walker's complaint is dismissed with prejudice. See, e.g.,

Gordon, 563 F. App'x at 514; Jones v. Roy, 449 F. App'x 526 (8th Cir. 2011); Goodroad v. Bloomberg, 129 F.3d 121 (8th Cir. 1997).

## ORDER

Based on the above analysis, it is

ORDERED that Mr. Walker's motion for reconsideration and to amend the complaint (Docket 7) is denied.

IT IS FURTHER ORDERED that Mr. Walker's complaint (Docket 1) is dismissed with prejudice.

Dated May 13, 2015.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE

11